## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

SENSORY, INC.

        Plaintiff,

   v.

AMAZON.COM, INC.,

        Defendant.

Case No. 1:25-cv-763

JURY TRIAL DEMANDED

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Sensory, Inc. ("Sensory" or "Plaintiff") files this complaint for patent infringement by Amazon.com, Inc.  ("Amazon" or "Defendant") for infringement of 6,785,647 ("the "'647 Patent"); 7,418,392 ("the "'392 Patent"); 7,774,204 ("the "204 Patent"); 8,195,467 ("the "'467 Patent"); 8,645,132 ("the "'132 Patent"); 8,768,707 ("the "'707 Patent"); and 9,142,219("the "'219 Patent") (collectively "the Patents-in-Suit").

## NATURE OF THE ACTION

1.     This is a civil action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including specifically 35 U.S.C. § 271.

2.     In October 2024, Sensory provided notice to Amazon that several of its products and services infringe Sensory's patents, which generally relate to speech recognition and control.

3.     Sensory has repeatedly offered Amazon a license to its patents, but despite awareness of its infringement Amazon has declined to take a license and instead continues to use the inventions taught and claimed in Sensory's patents without any compensation to Sensory.

## THE PARTIES

4.     Sensory was formed in Santa Clara, California in 1994 with the goal of making

chips and technologies that allow people to communicate with products the way we communicate with each other.

5.   To support this goal, Sensory develops and licenses technologies for speech recognition, wakewords, sound identification, natural language understanding, custom voice assistants, face and voice biometrics, and computer vision.

6.   From its creation, Sensory has focused on providing accurate speech recognition while minimizing power consumption, memory, and processing requirements of devices. In cooperation with its licensing and manufacturing partners, Sensory's technologies have shipped in hundreds of millions of products from hundreds of leading consumer electronics manufacturers.

7.   As a pioneering company in its fields, Sensory has received numerous awards in recognition of its technologies including:

   a.   1995 EDN's Innovation of the Year Award, ICs & Semiconductors, RSC-164 SpeechRecognition IC

   b.   1996 FSA Fabless Semiconductor Association Honors Sensory for Outstanding Financial Performance – November 1996

   c.   1997 Best of Avios – Best Consumer Product 1999 Best of Avios – Best Consumer Product

   d.   1999 - Retailers' Choice Awards – Award of Distinction for the Marketing of Innovative Products

   e.   2000 FSA Fabless Semiconductor Association Honors Sensory for Outstanding Financial Performance – December 2000

   f.   2000 EE Product News – Products of the Year Winner 2003 Royal Television Society Technical Innovation Award 2005 Mobility Award – Components RSC – 4128

   g.   2009 The Wondervision Award

   h.   2009 Speech Technology Magazine – Speech Industry Award "Star Performer"

i.    2009 HKEIA Innovation – Technology Gold Award

j.    2011 The Robies - TrulyHandsfree Voice Control named 'Most Noteworthy Product" 2011 Speech Technology Magazine – Speech Industry Award 'Star Performer'

k.    2012 GSMA Global Mobile Award Finalist Best Breakthrough Technology 2012 Sensory named as "Top 5 Trends to Watch" at CTIS Wireless

l.    2014 GSMA Global Mobile Award Winner for Best Mobile Technology

m.    2014 Speech Technology Magazine – Speech Industry Award "Star Performer"

n.    2014 Speech Technology Magazine names Todd Mozer one of the "Speech Luminaries

o.    2015 Speech Technology Magazine – Speech Industry Award "Star Performer"

p.    2015 Cirrus Logic Premier Partner Award

q.    2016 Speech Technology Magazine names Todd Mozer one of the "Speech Luminaries"

r.    2016 Alconics "Best Innovation in Deep Learning"

s.    2016 CTIA Super Mobility Award – Emerging Technology (E-Tech) in the category of Mobile Security and Privacy for TrulySecure™

t.    2016 Speech Technology Magazine – Speech Industry Award 'Star Performer' 2017 Finovate Presenter

u.    2019 Sensory Named #5 on Fast Company's Most Innovative Companies 2019 Voicebot.ai - The top 11 Visionaries in Voice, Todd Mozer

v.    2019 Fast Company #5 on Most Innovative Companies List

w.    2021 Speech Industry Award Winner: Sensory Is Living on the Edge 2021 AI Breakthrough Award for "Best NLP Platform"

x.    2022 AI Breakthrough Award for "Best NLP Platform"

8.    Sensory's business partners and customers included numerous Fortune 500 companies and global suppliers of consumer electronics.

9.    Sensory continues its relentless innovation to this day. The company employs

engineers and salespeople and owns a codebase reflecting many hundreds of people-years of code development.

10.      Defendant Amazon is a Delaware corporation with a regular and established place of business at 4616 W. Howard Lane, Austin, Texas and at 11501 Altera Parkway, Austin, Texas.

11.      Amazon's Austin offices include a 145,000 square-foot space located at the Domain.

12.      As of 2019, Amazon employed more than 5,600 workers already in the Austin area and planned to expand in Austin.  Ex. A.

13.      Aside from Tesla, Amazon is the fastest-growing company in the Austin area. Exs. B and C.

14.      As of 2021, Amazon has leased 330,000 square feet in Austin. Ex. D.

15.      As of 2021, Amazon's Austin Tech Hub has over 3,000 tech and corporate employees. Id.

16.      Amazon is a top employer in Austin, employing 2,000-5,999 people.

17.      Amazon's total Alexa headcount has surpassed 10,000 employees. Ex. E.

18.      Amazon maintains a team in Austin, Texas dedicated to Alexa products and services.

19.      For example, Amazon's Damian McCabe, is a Technologist in Amazon Devices & Services and is in Austin, Texas:



20.    On Amazon's behalf, Mr. McCabe posted the following about Alexa +



21.    The same post links to https://www.aboutamazon.com/news/devices/new-alexa-generative-artificial-intelligence. Ex. F.

22.    As another example, Amazon employee Raika Sarkett is a conversation designer that designs AI-powered experiences that make life better and works at Amazon in Austin, Texas.

23.     As of today, the Amazon Devices and Services team has over 70 job postings in Austin, Texas.

24.     Right now, Amazon is trying to hire a Sr. Software Development Engineer, Alexa Audio to work with Amazon's Alexa Audio Playback Experience team in Austin. Ex. G.

25.     Right now, Amazon is trying to hire a Sr. UX Designer, Alexa Skills Developer Tech - UX in Austin.

26.     Right now, Amazon is trying to hire a Embedded Software Dev Engineer, Device OS to work in Austin on Alexa and Echo Devices.  Ex. H.

27.     Right now, Amazon is trying to hire a Solutions Architect, Alexa+ to work in Austin on Alexa and Echo Devices.  Ex. I.

28.     In 2023, Amazon and the University of Texas at Austin announced the launch of the UT Austin-Amazon Science Hub. Ex. J.

29.     Amazon partners with University of Texas at Austin for Alexa fellowship, researching, for example, how to help Amazon's Alexa give more specific, useful information as opposed to generic responses. Ex. K.

30.     Amazon's registered agent for service of process is Corporation Service Company, located at 251 Little Falls Drive, Wilmington, Delaware 19808.

## <u>JURISDICTION AND VENUE</u>

31.     This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and more particularly 35 U.S.C. § 271.

32.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

33.     Amazon is subject to this Court's general personal jurisdiction pursuant to due

process and/or the Texas Long Arm Statute, Texas Civil Practice and Remedies Code Section 17.042, due at least to its substantial business conducted in this District, including: (i) having offices, thousands of employees, a Tech Hub, and an Amazon team in Austin, Texas dedicated to Alexa products and services; (ii) being registered to do business in Texas, having solicited business in the State of Texas, transacted business within the State of Texas and attempted to derive financial benefit from residents of the State of Texas in this District, including benefits directly related to the instant patent infringement causes of action set forth herein; and (iii) having placed its products and services into the stream of commerce throughout the United Stated and having actively engaged in transactive business, including sales, in Texas and in this District.

34.     Amazon, directly and/or through its subsidiaries and agents (including distributors, retailers, and others), has purposefully and voluntarily placed one or more of its infringing products and/or services, as described below, into the stream of commerce with the expectation that they will be purchased and used by consumers in the Western District of Texas. These infringing products and/or services have been and continue to be purchased and used by consumers in the Western District of Texas. Amazon has committed acts of patent infringement within the State of Texas and, more particularly, within the Western District of Texas.

35.     This Court's exercise of personal jurisdiction over Amazon is consistent with the Texas Long Arm Statute, Texas Civil Practice and Remedies Code Section 17.042, and traditional notions of fair play and substantial justice.

36.     Venue is proper in this District under 28 U.S.C. § 1400(b), which provides that "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular

and established place of business." Venue is proper as to Defendant Amazon, because it has committed acts of infringement in this District and has a regular and established place of business in this District.

## BACKGROUND FACTS REGARDING THE SENSORY PATENTS

37.     Sensory is the owner of record and assignee of each of the Patents-in-Suit.

38.     Sensory has the exclusive right to sue and the exclusive right to recover damages for infringement of the Patents-in-Suit during all relevant time periods.

39.     On August 31, 2004, U.S. Patent 6,785,647 entitled "Speech recognition system with network accessible speech processing resources" was duly and legally issued by the USPTO.

40.     On August 26, 2008, U.S. Patent 7,418,392 entitled "System and method for controlling the operation of a device by voice commands" was duly and legally issued by the USPTO.

41.     On August 10, 2010, U.S. Patent 7,774,204 entitled "System and method for controlling the operation of a device by voice commands" was duly and legally issued by the USPTO.

42.     On June 5, 2012, U.S. Patent 8,195,467 entitled "Voice interface and search for electronic devices including bluetooth headsets and remote systems" was duly and legally issued by the USPTO.

43.     On February 4, 2014, U.S. Patent 8,645,132 entitled "Truly handsfree speech recognition in high noise environments" was duly and legally issued by the USPTO.

44.     On July 1, 2014, U.S. Patent 8,768,707 entitled "Background speech recognition assistant using speaker verification" was duly and legally issued by the USPTO.

45.    On September 22, 2015, U.S. Patent 9,142,219 entitled "Background speech recognition assistant using speaker verification" was duly and legally issued by the USPTO.

## AMAZON'S INFRINGING PRODUCTS AND SERVICES

46.    Amazon makes, uses, imports, sells and offers for sale products and services that utilize Sensory's speech recognition technologies that Sensory invented, as claimed by the Patents-in-Suit.

47.    Several Amazon-branded products ("Accused Amazon Products") that feature Amazon Alexa's speech recognition capabilities infringe Sensory's patents, including various generations of the following devices:

a.    Amazon Echo

b.    Amazon Echo Plus

c.    Echo Dot

d.    Echo Pop

e.    Echo Spot

f.    Echo Show

g.    Echo Show Kids

h.    Echo Hub

i.    Echo Studio

j.    Ring Battery Doorbell Plus

48.    In addition, Amazon's Alexa capabilities constitute infringing services ("Accused Amazon Services"). Amazon distributes its Alexa capabilities as a built-in service with other devices, including TVs, sound bars, smart speakers, bike helmets, toothbrushes, headphones, earbuds, smart watches, and more (see e.g., https://www.amazon.com/s?i=specialty-aps&srs=15443147011&rh=n%3A15443147011&fs=true&ref=lp_15443147011_sar) (listing

more than 30 pages of devices with built-in Alexa capabilities). Ex. L. Amazon's Alexa capabilities are also built-in to many automobiles and other devices. Amazon infringes one or more of the Patents-in-Suit when it provides its Alexa service in these devices.

49.    Amazon has been, and now is, directly infringing claims of the Patents-in-Suit under 35 U.S.C. § 271(a) by making, using, offering for sale, selling, and/or importing the Accused Amazon Products and Services in this District and elsewhere in the United States that comprise the devices, methods, and/or systems claimed in the Patents-in-Suit.

### AMAZON'S KNOWLEDGE OF THE PATENTS-IN-SUIT AND CONTINUED INFRINGEMENT DESPITE THAT KNOWLEDGE

50.    Despite Amazon's awareness of the Patents-in-Suit, Amazon has and continues to make, use, sell, import, and/or offer for sale the Accused Amazon Products and Services that meet each and every limitation of the infringed claims of the Patents-in-Suit.

51.    On October 30, 2024, and November 21, 2024 counsel for Sensory e-mailed and sent by UPS a letter to Amazon informing Amazon of Sensory's patents, and how Amazon's speech recognition products and services infringed Sensory's patents. Exhibit M. The letter, with exhibits, was 106 pages.

### COUNT I: INFRINGEMENT OF U.S. PATENT 6,785,647

52.    Sensory incorporates by reference all allegations set forth in the preceding paragraphs of this Complaint as though set forth in full herein.

53.    Sensory also incorporates by reference the claim chart attached as Exhibit N.

54.    Amazon directly infringes claims 1, 4, 5 and 7 of the '647 Patent by importing, making, selling, offering to sell, and/or using the Accused Amazon Products and Services that practice the methods in claims 1, 4, 5 and 7.

55.    Amazon makes, uses, and/or imports the Accused Amazon Products and Services

knowing that Amazon infringed and continues to infringe claims 1, 4, 5 and 7 of the '647 Patent

under 35 U.S.C. § 271(a) directly.

56.    As a direct and proximate result of Amazon's acts of patent infringement, Sensory

has been and continues to be injured, and has sustained and will continue to sustain damages.

### COUNT II: INFRINGEMENT OF U.S. PATENT 7,418,392

57.    Sensory incorporates by reference all the allegations set forth in the preceding

paragraphs of this Complaint as though set forth in full herein.

58.    Sensory also incorporates by reference the claim chart attached as Exhibit O.

59.    Amazon directly infringes claims 16, 18, and 20 of the '392 Patent by importing,

making, selling, offering to sell, and/or using the Accused Amazon Products and Services that

practice the method in claims 16, 18, and 20.

60.    Amazon makes, uses, sells, and/or imports the Accused Amazon Products and

Services knowing that Amazon infringed and continues to infringe claims 16, 18 and 20 of the

'392 Patent under 35 U.S.C. § 271(a) directly.

61.    As a direct and proximate result of Amazon's acts of patent infringement, Sensory

has been and continues to be injured, and has sustained and will continue to sustain damages.

### COUNT III: : INFRINGEMENT OF U.S. PATENT 7,774,204

62.    Sensory incorporates by reference all the allegations set forth in the preceding

paragraphs of this Complaint as though set forth in full herein.

63.    Sensory also incorporates by reference the claim chart attached as Exhibit P.

64.    Amazon directly infringes claim 7 of the '204 Patent by importing, making,

selling, offering to sell, and/or using the Accused Amazon Products and Services that practice the

method in claim 7.

65.     Amazon makes, uses, sells and/or imports the Accused Amazon Products and Services knowing that Amazon infringed and continues to infringe claim 7 of the '204 Patent under 35 U.S.C. § 271(a) directly.

66.     As a direct and proximate result of Amazon's acts of patent infringement, Sensory has been and continues to be injured, and has sustained and will continue to sustain damages.

## COUNT IV: INFRINGEMENT OF U.S. PATENT 8,195,467

67.     Sensory incorporates by reference all the allegations set forth in the preceding paragraphs of this Complaint as though set forth in full herein.

68.     Sensory also incorporates by reference the claim chart attached as Exhibit Q.

69.     Amazon directly infringes claim 1 of the '467 Patent by importing, making, selling, offering to sell, and/or using the Accused Amazon Products and Services.

70.     Amazon makes, uses, sells and/or imports the Accused Amazon Products and Services knowing that Amazon infringed and continues to infringe at least claim 1 of the '467 Patent under 35 U.S.C. § 271(a) directly.

71.     As a direct and proximate result of Amazon's acts of patent infringement, Sensory has been and continues to be injured, and has sustained and will continue to sustain damages.

## COUNT V: INFRINGEMENT OF U.S. PATENT 8,645,132

72.     Sensory incorporates by reference all the allegations set forth in the preceding paragraphs of this Complaint as though set forth in full herein.

73.     Sensory also incorporates by reference the claim chart attached as Exhibit R.

74.     Amazon directly infringes claim 1 of the '132 Patent by importing, making, selling, offering to sell, and/or using the Accused Amazon Products and Services that practice the method in claim 1.

75.    Amazon makes, uses, sells, and/or imports the Accused Amazon Products and Services knowing that Amazon infringed and continues to infringe claim 1 of the '132 Patent under 35 U.S.C. § 271(a) directly.

76.    As a direct and proximate result of Amazon's acts of patent infringement, Sensory has been and continues to be injured, and has sustained and will continue to sustain damages.

## COUNT VI: INFRINGEMENT OF U.S. PATENT 8,768,707

77.    Sensory incorporates by reference all the allegations set forth in the preceding paragraphs of this Complaint as though set forth in full herein.

78.    Sensory also incorporates by reference the claim chart attached as Exhibit S.

79.    Amazon directly infringes claims 13 and 14 of the '707 Patent by importing, making, selling, offering to sell, and/or using the Accused Amazon Products and Services that practice the methods in claims 13 and 14.

80.    Amazon makes, uses, sells, and/or imports the Accused Amazon Products and Services knowing that Amazon infringed and continues to infringe claims 13 and 14 of the '707 Patent under 35 U.S.C. § 271(a) directly.

81.    As a direct and proximate result of Amazon's acts of patent infringement, Sensory has been and continues to be injured, and has sustained and will continue to sustain damages.

## COUNT VII: INFRINGEMENT OF U.S. PATENT 9,142,219

82.    Sensory incorporates by reference all the allegations set forth in the preceding paragraphs of this Complaint as though set forth in full herein.

83.    Sensory also incorporates by reference the claim chart attached as Exhibit T.

84.    Amazon directly infringes claims 1 and 4 of the '219 Patent by importing, making, selling, offering to sell, and/or using the Accused Amazon Products and Services that

practice the methods in claims 1 and 4.

85.     Amazon makes, uses, and/or imports the Accused Amazon Products and Services knowing that Amazon infringed and continues to infringe claims 1 and 4 of the '219 Patent under 35 U.S.C. § 271(a) directly.

86.     As a direct and proximate result of Amazon's acts of patent infringement, Sensory has been and continues to be injured, and has sustained and will continue to sustain damages.

## WILLFUL INFRINGEMENT

87.     Amazon has infringed and continues to infringe the above identified claims of 6,785,647; 7,418,392; 8,645,132; 8,768,707; and 9,142,219 despite its knowledge of these patents and its knowledge since at least October 2024 that at least the Accused Amazon Products and Services were, and are, using Sensory's patented technology and the objectively high likelihood that its acts constitute patent infringement.

88.     Service of this Complaint will notify Amazon of its infringement of the above identified claims of 8,195,467 and post-filing, if Amazon continues to decline to take a license, any Amazon ongoing infringement will be willful.

89.     Amazon's infringement of these patents is willful and deliberate, and its actions constitute egregious misconduct, including refusing to take a license.

90.     Amazon's infringement of these patents is willful and deliberate, and its actions constitute egregious misconduct, including refusing to take a license, refusing to negotiate in good faith, and having knowledge and notice of the infringement but stating no reasonable factual basis for non-infringement or invalidity pre-suit. This willful misconduct by Amazon entitles Sensory to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

Sensory demands a trial by jury on all issues that may be so tried.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sensory requests that this Court enter judgment in its favor and against Amazon as follows:

A.      Adjudging, finding, and declaring that Amazon has infringed of the above-identified claims of each of the Patents-in-Suit under 35 U.S.C. § 271;

B.      Adjudging, finding, and declaring that the Patents-in-Suit are valid and enforceable;

C.      Awarding the past and future damages arising out of Amazon's infringement of the Patents-in-Suit to Sensory in an amount no less than a reasonable royalty, together with prejudgment and post-judgment interest, in an amount according to proof;

D.      Adjudging, finding, and declaring that Amazon's infringement is willful and awarding enhanced damages and fees as a result of that willfulness under 35 U.S.C. § 284;

E.      Adjudging, finding, and declaring that this is an exceptional case pursuant to 35 U.S.C. § 285;

F.      Awarding attorney's fees, costs, or other damages pursuant to 35 U.S.C. §§ 284 or 285 or as otherwise permitted by law; and

G.      Granting Sensory such other further relief as is just and proper, or as the Court deems appropriate.

Dated: May 19, 2025

Respectfully submitted,

By: */s/ Alison Aubry Richards*

Alison Aubry Richards (arichards@giplg.com)
(IL Bar # 6285669, *also admitted in WD Texas*)
Global IP Law Group, LLC
55 W. Monroe St.
Ste. 3400
Chicago, Illinois, 60603
Phone: 312.241.1500

*Attorneys for Plaintiff Sensory, Inc.*